******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBINSON, J., concurring in part and dissenting in part. I agree with the majority's conclusion, in part II B of its opinion, that the habeas court improperly concluded that Michael Sherman, the attorney who represented the petitioner, Michael Skakel, at his criminal trial, rendered ineffective assistance of counsel by failing to raise a third-party culpability defense against Thomas Skakel. I also agree, however, with Justice Palmer's conclusion in part I of his comprehensive and thoughtful dissenting opinion that the habeas court properly concluded that Sherman rendered ineffective assistance of counsel by failing to locate and investigate the possible testimony of Denis Ossorio, the "beau" of the petitioner's cousin, Georgeann Dowdle. Because I agree with Justice Palmer's conclusion that this critical failure by counsel constituted the ineffective assistance of counsel that entitled the petitioner to a new trial under *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), I respectfully dissent.

First, as to the third-party culpability issue, I think that it was a reasonable, strategic decision for Sherman to make Kenneth Littleton the subject of this defense, rather than Thomas Skakel. Under *Strickland*, great deference must be given to trial counsel's strategic decisions. Id., 689. "Under both the federal constitution and the state constitution, however, the right to counsel is the right to counsel's effective assistance, and not the right to perfect representation . . . ." *Washington* v. *Meachum*, 238 Conn. 692, 732, 680 A.2d 262 (1996). Under the well established "objective standard of reasonableness" set forth in *Strickland* v. *Washington*, supra, 466 U.S. 688, a reasonable attorney might have chosen to present a third-party culpability defense implicating Littleton, rather than Thomas Skakel, despite the rather scarce evidence against Littleton. As the majority observes, Sherman fully explained his thinking and reasoning as to why he pursued Littleton rather than Thomas Skakel, including his belief that the evidence against Thomas Skakel posed risks to the petitioner. Although I believe that the evidence implicating Thomas Skakel is much greater than the evidence implicating Littleton, I note that the trial court thought there was enough evidence implicating Littleton to allow for Sherman to raise the third-party culpability defense. Given the great deference afforded to trial counsel's strategic decisions, it does not appear that Sherman's decision to implicate Littleton rather than Thomas Skakel was objectively unreasonable and, as such, did not amount to ineffective assistance of counsel under *Strickland*.

My agreement with the majority does not, however,

extend to the alibi witness issue. I agree with Justice Palmer's assessment of the question of whether it was objectively reasonable for Sherman not to speak with Ossorio, a disinterested witness, in order to determine whether he recalled events from the night of the murder or might have information helpful to the petitioner's alibi. This requires us to "directly assess" Sherman's "decision not to investigate" further "for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id., 691. Even affording Sherman's decision making the appropriate deference, I cannot think of a single reasonable, strategic reason why Sherman would not at least attempt to track down Ossorio to see what, if anything, he remembered from the night of the murder, especially in light of the fact that the petitioner's main defense was that he had an alibi for the likely time of death of the victim, Martha Moxley. This is particularly so given Sherman's own view that having an alibi witness not related to the petitioner would have significantly strengthened that defense.

At the habeas trial, Sherman admitted that he had been aware of Dowdle's "beau," but chose not even to attempt to contact Ossorio because he did not believe that Ossorio would recall the events from more than twenty years prior, and that, because Dowdle testified that she remained in a separate part of the home on the night in question and did not see whether the petitioner was there, similarly, Ossorio must also have remained in a separate part of the home. I believe that, rather than rely on these speculative assumptions, Sherman should have made further inquiry into Ossorio, a potential disinterested alibi witness who would have been critical for the defense. In my view, the circumstances quite clearly demonstrate that Sherman's performance did not meet *Strickland*'s objective standard of reasonableness, thus amounting to ineffective assistance of counsel. I fully agree with Justice Palmer that this omission was prejudicial under *Strickland* because "there is a reasonable probability" that, had Sherman adequately investigated Ossorio and presented his testimony at the criminal trial, "the fact finder would have had a reasonable doubt respecting guilt." *Strickland* v. *Washington*, supra, 466 U.S. 695.

Because I would affirm the judgment of the habeas court ordering a new trial for the petitioner, I respectfully concur in part and dissent in part.